IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, LLC, f/k/a AAMCO TRANSMISSIONS, INC., *Petitioner*, | : : : : | CIVIL ACTION |
| v. | : : : | |
| TIMOTHY F. O'NEILL, and T. O'NEILL III, INC., *Respondents*. | : : : : | Case No. 20-5638 |

**Memorandum**

**Kenney, J.**                                                                                                                **January 21, 2021**

This matter comes before the Court on AAMCO Transmissions, LLC's Petition to Confirm Arbitration Award (ECF No. 1). For the reasons that follow, the Court will grant AAMCO Transmissions, LLC's Petition and confirm the Arbitrator's Award.

I.  BACKGROUND

Petitioner AAMCO Transmissions, LLC ("AAMCO") is the national franchisor of AAMCO-brand auto repair shops located across the United States. ECF No. 1 ¶ 1. AAMCO is a Pennsylvania limited liability company with a Horsham, Pennsylvania principal place of business. *Id.* ¶ 4. Respondents, Timothy F. O'Neill and T.O'Neill III, Inc. ("Respondents"), are the former franchisees of a Maryland AAMCO-brand center operated under a franchise agreement with AAMCO. *Id.* ¶¶ 1,5.

The parties entered into a franchise agreement ("Agreement") on November 14, 2016. *Id.* ¶ 10. The Agreement contained an agreement to arbitrate requiring the parties to arbitrate "any claim arising out of or related to this Agreement or the making, performance, breach, or interpretation of this Agreement… at the JAMS office in Philadelphia, Pennsylvania." ECF No. 1, Ex.1 at p. 39–40. The Agreement includes a provision for confirmation of the Award in court. *Id.*

According to AAMCO, Respondents abandoned their franchise location on or about May 4, 2019 before the Agreement's scheduled term expired. ECF No. 1 ¶ 11. AAMCO then submitted a demand for arbitration with which Respondents were served. *See AAMCO Transmissions, LLC f/k/a AAMCO Transmissions, Inc. v. Timothy F. O'Neill and T. O'Neill III, Inc.*, JAMS Ref. No. 1450006284. Though Respondents received notice of an evidentiary hearing held by the appointed arbitrator Gregory P. Miller on November 20, 2019, they did not appear or participate. ECF No. 1 ¶¶ 13–15. On December 13, 2019, Arbitrator Miller rendered a final award to AAMCO of $120,956,12 in damages and $13,825.13 in attorneys fees. AAMCO timely filed the instant Petition to Confirm Arbitration Award (ECF No. 1) under the Federal Arbitration Act on November 11, 2020. *See* 9 U.S.C. § 9. Respondents have not filed a response to AAMCO's Petition, and the time to do so has passed.

II.     DISCUSSION

A district court's role in the arbitration process is limited. "[W]hen enforcement of an arbitration award is sought[,] ... the [Federal Arbitration Act] authorizes the district court to confirm, vacate, or modify the award under a narrow scope of judicial review." *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020) (quoting *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998)). The FAA provides in relevant part that this Court, save exceptions not before it, "must grant" a timely request for an arbitration award. 9 U.S.C. § 9. Absent any dispute about the arbitration award, "[b]y a truncated summary proceeding, the FAA directs district courts to give their imprimatur to arbitration awards by converting them into enforceable judgments of the court." *Teamsters Local 177*, 966 F.3d at 251. "Once confirmed, an arbitration award becomes a judgment of the court, entitled to 'the same force and effect, in all

respects, as, and ... subject to all the provisions of law relating to, a judgment in [any other] action.'" *Id* (quoting § 13).

In this case, the Agreement provides in relevant part, that

> [J]udgment upon the award of the arbitration may be entered in the court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of the award or an order of enforcement, and the parties submit themselves to the jurisdiction of any such competent jurisdiction for the entry and enforcement of the award.

ECF No. 1, Ex. 1 at 39. As such, AAMCO's Petition to Confirm Arbitrator's Award was properly filed with this Court according to the terms of the parties' Agreement and the FAA. AAMCO filed its Petition on November 11, 2020, within the one-year timeframe provided by the FAA for the submission of an application for confirmation of the Award. As Respondents have failed to appear, much less respond to AAMCO's Petition, Respondents have not alleged that any of the statutory bases for vacating the Award exist here. Accordingly, the Court will confirm the Arbitrator's Award and will enter judgment in favor of AAMCO, as set forth in the Award, and with Respondents to bear AAMCO's attorneys' fees, costs and other expenses in the sum of $13,825.13. *See* ECF No. 1, Ex. 2 at p. 63.

III.   CONCLUSION

For the reasons set forth above, the Court will grant AAMCO's Petition to Confirm Arbitration Award and will enter judgment in favor of AAMCO, as set forth in the Arbitrator's Award. An appropriate Order follows this Memorandum.